■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER BERNARD, Appellant. [679 NYS2d 330] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rienzi, J.), rendered December 15, 1997, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision of whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court (*see, People v Brooks,* 183 AD2d 722; *People v Howard,* 138 AD2d 525). Here, the sentencing court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea of guilty. The court held a hearing at which both the defendant and prior counsel testified. The court discredited the defendant's testimony that prior counsel had assured him that if he entered a plea of guilty, he would "be home in December of 1996 on work release" and credited prior counsel's testimony which denied the defendant's assertion. It is settled that issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous (*see, People v Lewis,* 170 AD2d 538; *People v Armstead,* 98 AD2d 726).

The defendant's remaining contention is not properly before this Court. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.