■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES STEPHENS, Appellant. [750 NYS2d 704] —An appeal hav-

ing been taken from a judgment of Supreme Court, Erie County (Tills, J.), entered February 4, 2000, convicting defendant upon his plea of guilty of attempted robbery in the first degree, and this Court on February 1, 2002 having held the case, reserved decision and remitted the matter to Supreme Court for further proceedings in accordance with a memorandum (291 AD2d 841), and said proceedings having been had and terminated.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: When this appeal was previously before us, the People conceded that defendant had been denied effective assistance of counsel on his motion to withdraw his guilty plea when his assigned attorney became a witness against him. We therefore held the case, reserved decision and remitted the matter to Supreme Court "for the assignment of new counsel and a de novo determination of the motion to withdraw the guilty plea" (*People v Stephens,* 291 AD2d 841, 842). Upon remittal, a new attorney was assigned to represent defendant on the motion to withdraw the guilty plea, and the court adjourned the matter for a few days, indicating that it would conduct a hearing on the motion. When defendant's former attorney was called as a witness by the People on the return date of the motion, however, the court did not require that he be sworn, nor did the court ask defendant whether he wished to cross-examine his former attorney. The court then required defendant to be sworn and invited defendant to make a "statement," which defendant did under questioning by his new attorney. The court likewise did not ask the prosecutor whether he wished to cross-examine defendant. The court then denied the motion.

Contrary to the contention of defendant, his former counsel was properly heard on the motion, which was based upon a claim that counsel had improperly advised defendant concerning the potential terms of incarceration that could be imposed (*see People v Santana,* 156 AD2d 736, 737; *see also People v Bernard,* 255 AD2d 330, *lv denied* 92 NY2d 1028). We agree with defendant, however, that he was denied effective assistance of counsel on the motion. Although it is in only the rare case that a defendant will be entitled to an evidentiary hearing on a motion to withdraw a guilty plea (*see People v Tinsley,* 35 NY2d 926, 927; *People v Wyant,* 292 AD2d 779), here, the court had granted defendant a hearing. When the court then failed to allow defendant to go forward on the motion and failed to require that defendant's former attorney be sworn or to ask

whether defendant wished to cross-examine him, that hearing was improperly conducted. Defense counsel should have sought the full hearing that had been promised by the court. Defense counsel's failure to do so, particularly in light of a statement of defendant's former counsel on the record during the sentencing proceedings that he had advised defendant that he could receive a sentence of 25 years to life, constitutes ineffective assistance of counsel. We therefore again hold this case, reserve decision and remit the matter to Supreme Court, Erie County, for the assignment of new counsel and a de novo determination of the motion to withdraw the guilty plea, this time before a different justice. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.