■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ULLOA, Appellant. [751 NYS2d 26] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered August 27, 1999, convicting defendant, upon his guilty plea, of criminal possession of a weapon in the third degree and sentencing him as a second felony offender to a term of incarceration of five years, unanimously modified, on the law, the matter remanded for resentencing pursuant to the plea agreement, at which time defendant may be represented by retained counsel of his own choosing, and otherwise affirmed.

Defendant was charged with criminal possession of a weapon in the third degree arising from his possession of a loaded .357 handgun in a livery cab. On April 22, 1997, defendant, represented by assigned counsel, pleaded guilty as charged in exchange for a reduced sentence of five years of incarceration. The plea agreement was conditioned on defendant returning to court on the date scheduled for sentence and not being rearrested in the interim. The plea was further conditioned on a promise that if he appeared as scheduled and cooperated with

the Department of Probation in preparation of the sentencing report, and that the report did not indicate to the contrary, he would be allowed to replead to attempted criminal possession of a weapon in the third degree in exchange for a three-year sentence. If the report indicated that a longer term was warranted, the court agreed to allow defendant to withdraw his plea and to proceed to trial.

At the plea proceeding, defendant indicated that he had discussed the plea with counsel, made his *Boykin* waivers and allocuted to the facts of the crime. Defendant also acknowledged that he was pleading guilty voluntarily. He admitted that he was, in fact, guilty. The court repeatedly warned defendant that the plea agreement was conditioned on his timely appearing for sentencing. Nevertheless, defendant failed to appear for sentencing on November 21, 1997, as scheduled, and subsequently was returned on a bench warrant almost two years later on August 19, 1999.

At the rescheduled sentencing proceeding, newly retained counsel appeared for defendant. Defendant's assigned counsel was on vacation and had requested an adjournment by fax. The court, noting that defendant was already represented, declined to accept retained counsel's notice of appearance unless defendant was prepared to be sentenced at that time. New counsel indicated that he intended to move to vacate defendant's plea. The court was willing to entertain a verbal motion, though counsel stated that the motion must be made in writing, and sought an adjournment to obtain the minutes. New counsel stated that defendant had indicated that assigned counsel had pressured him into taking the plea, and that he claimed to be innocent. Defendant now indicated an interest in withdrawing his plea. The court noted that defendant had acknowledged, in open court, the voluntariness of his plea and that, having been the court presiding at the plea proceeding, it saw no basis for vacatur. The court indicated a willingness to adjourn the case so that assigned counsel, who was familiar with the case, could appear for sentence, but declined to grant an adjournment so that new counsel could become familiar with the matter. Defendant was then sentenced to five years.

A defendant may move to withdraw his plea of guilty at any time prior to the imposition of sentence (CPL 220.60 [3]), in furtherance of which he must be afforded a reasonable opportunity to advance arguments in support thereof (*cf. People v Frederick*, 45 NY2d 520, 525). Defendant's argument that prior counsel had coerced the plea potentially placed prior counsel in conflict with defendant (*People v Cruz*, 244 AD2d 564; *People v*

*Gonzalez*, 171 AD2d 413), so that, whatever the merits of the claim, a request for representation by new counsel in connection with vacatur of the plea would not necessarily have been a frivolous request. The court seemed willing to grant an adjournment in this case, so that immediacy of sentencing was not squarely in issue, but hinged an adjournment on defendant relying on prior counsel rather than new counsel. Effectively, defendant was denied the opportunity to move to vacate his plea while represented by counsel of his choice. Denial of the motion for an adjournment in this case, thus, affected the protection of a fundamental right, a circumstance which considerably narrows such a discretionary judicial power (*see People v Spears*, 64 NY2d 698). The adjournment should have been granted in this case to accommodate representation of defendant by new counsel.

Accordingly, we reverse and remand solely for purposes of resentencing, at which time defendant, if so advised, may also move to vacate his plea. In that regard, defendant will have the opportunity to retain counsel of his choice in advance of that proceeding. Concur—Tom, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.