■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES STEPHENS, Appellant. [775 NYS2d 684]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered February 4, 2000. The appeal was held by this Court by order entered November 15, 2002, decision was reserved and the matter was remitted to Supreme Court for further proceedings in accordance with a memoran-

dum (299 AD2d 822 [2002]). The proceedings were held and completed before Penny M. Wolfgang, J.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to Supreme Court for the assignment of new counsel and a de novo determination of the motion of defendant to withdraw his guilty plea (*People v Stephens,* 299 AD2d 822 [2002]). Prior to that remittal, we previously had held the case, reserved decision and remitted the matter to Supreme Court for the same purpose, the People having conceded that defendant had been denied effective assistance of counsel on his motion to withdraw his guilty plea when his assigned attorney became a witness against him (*People v Stephens,* 291 AD2d 841 [2002]). Following the second remittal, which we directed was to be before a different justice, the court denied defendant's motion to withdraw the plea.

Contrary to the contention of defendant, we conclude that the court did not abuse its discretion in denying his motion (*see generally People v Bernard,* 255 AD2d 330 [1998], *lv denied* 92 NY2d 1028 [1998]; *People v Howard,* 138 AD2d 525 [1988]). Although it is only in the rare instance that a defendant will be entitled to a hearing on a motion to withdraw a guilty plea (*see People v Tinsley,* 35 NY2d 926, 927 [1974]; *People v Wyant,* 292 AD2d 779 [2002], *lv denied* 98 NY2d 715 [2002]), here the court conducted a hearing at which both defendant and his prior attorney testified, and it was within the sound discretion of the court to credit the testimony of defendant's prior attorney over that of defendant (*see Bernard,* 255 AD2d 330 [1998]). "Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous" (*People v Armstead,* 98 AD2d 726, 726 [1983]; *see Bernard,* 255 AD2d 330 [1998]). Defendant's prior attorney testified that he did not advise defendant that he was facing a sentence of imprisonment of 25 years to life, and he explained the inconsistency in the sentencing transcript with respect thereto as an instance in which he apparently misspoke. The transcript of the plea colloquy establishes that defendant gave no indication that he had been coerced into pleading guilty and, in fact, he stated at that time that no one had forced him to plead guilty and that he was satisfied with the services of his attorney. At the instant hearing, however, defendant gave contradictory testimony with respect to his reasons for failing to inform the court of the alleged coercion during the plea colloquy. Based on the record before us, we perceive no reason to disturb the court's denial of defendant's

motion (*see People v Zuk,* 130 AD2d 886, 888 [1987], *lv denied* 70 NY2d 659 [1987]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe and Hayes, JJ.