■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLOVERIOUS THOMAS, Appellant. [834 NYS2d 814]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered April 8, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the third degree (three counts), criminally using drug paraphernalia in the second degree (two counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, unlawful possession of marihuana (two counts), and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts each of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and endangering the welfare of a child (§ 260.10 [1]), and three counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant contends that Supreme Court erred in refusing to suppress the evidence seized during the execution of a search warrant as well as his statements to the police at that time because the search warrant was not issued by a neutral and detached magistrate. We reject that contention. The search warrant was signed by County Court (Bellini, J.). Following defendant's arrest, it came to light that Judge Bellini had represented defendant on a drug charge while serving as an assistant public defender and that defendant had pleaded guilty to a lesser charge. That conviction was listed in the search warrant application as part of the basis for the existence of probable cause for the warrant. Contrary to the contention of defendant, the fact that Judge Bellini had represented him did not require her to recuse herself when the warrant application came before her (*see generally People v Marrero*, 30 AD3d 637 [2006]). In countering defendant's contention with respect to Judge Bellini, the People submitted an affirmation of Judge Bellini in which she stated that she had been an assistant public defender for 10 years before she became a judge and had represented thousands of defendants during that period of time. She further asserted that she had no independent recollection of defendant. Pursuant to 22 NYCRR 100.3 (E) (1) (b) (i), "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where . . . *the judge knows that . . .* the judge served as a lawyer in the matter in controversy" (emphasis added). Here, it is uncontroverted that Judge Bellini had no recollection of having represented defendant, nor was she required to recuse herself pursuant to Judiciary Law § 14. Defendant has raised no other ground for challenging the impartiality of Judge Bellini, and we therefore conclude that the court properly refused to suppress the evidence seized during the execution of the search warrant as well as the statements made by defendant to the police at that time.

Defendant further contends that he should have been allowed to withdraw his plea because he was afforded only a brief period of time in which to consider the plea offered and thus was coerced into entering the plea. Contrary to defendant's contention, the fact that a defendant is required "to accept or reject [a] plea offer within a short time period does not amount to co-

ercion" (*People v Lesame*, 239 AD2d 801, 802 [1997], *lv denied* 90 NY2d 941 [1997]; *see People v Berezansky*, 229 AD2d 768, 769-770 [1996], *lv denied* 89 NY2d 919 [1996]). We reject the further contention of defendant that the plea was coerced based on the pressure felt by defendant in facing a potential sentence of 25 years to life if convicted after trial. "Trial judges are vested with discretion in deciding plea withdrawal motions because they are best able to determine whether a plea is entered voluntarily, knowingly and intelligently" (*People v Alexander*, 97 NY2d 482, 485 [2002]) and, here, the court did not abuse that discretion. Finally, the contention of defendant concerning the indictment does not survive his plea of guilty (*see People v Hansen*, 95 NY2d 227, 230-231 [2000]). Present—Gorski, J.P., Martoche, Centra, Lunn and Green, JJ.