■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON IRVINE, Appellant. [838 NYS2d 765]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 25, 2005. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in summarily denying his motion to withdraw his plea and for the assignment of new counsel. We conclude that the court conducted a sufficient inquiry and afforded defendant a "reasonable opportunity to present his contentions" (*People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v Stephens*, 6 AD3d 1123, 1124 [2004], *lv denied* 3 NY3d 663, 682 [2004]). "The contention of defendant that the plea was coerced and thus was not knowingly, voluntarily or intelligently entered 'is belied by [his] statement during the plea proceeding that [he] was not threatened, coerced or otherwise influenced against [his] will into pleading guilty' " (*People v Nichols*, 21 AD3d 1273, 1274 [2005], *lv denied* 6 NY3d 757 [2005]; *see People v Gradia*, 28 AD3d 1206, 1206-1207 [2006], *lv denied* 7 NY3d 756 [2006]). Furthermore, the fact that defendant was required "to accept or reject the plea offer within a short time period does not amount to coercion" (*People v Lesame*, 239 AD2d 801, 802 [1997], *lv denied* 90 NY2d 941 [1997]; *see People v Thomas*, 39 AD3d 1197, 1198-1199 [2007]). We further conclude that "the court made an appropriate inquiry and determined that there was no good cause for substitution of assigned counsel" (*People v Burgos*, 291 AD2d 904, 904 [2002], *lv denied* 97 NY2d 751 [2002]; *see generally People v Sides*, 75 NY2d 822, 824-825 [1990]). Contrary to the contention of defendant, he showed no conflict of interest or other irreconcilable conflict with defense counsel (*cf. Sides*, 75 NY2d at 824-825), and defense counsel did not take a position adverse to defendant with respect to defendant's motion for the assignment of new counsel (*cf. People v Chaney*, 294 AD2d 931 [2002]).

Contrary to defendant's further contention, the record

establishes that, at the time of the plea, defendant validly waived his right to appeal, and that waiver was not later rendered invalid by defendant's reluctance to sign the written waiver of the right to appeal at the time of sentencing (*see People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Marrero*, 242 AD2d 800 [1997]). Additionally, defendant's waiver of the right to appeal does not violate public policy (*see generally People v Seaberg*, 74 NY2d 1, 10-11 [1989]). The valid waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Wilson*, 38 AD3d 1348 [2007]; *People v Montstream*, 21 AD3d 1353, 1354 [2005], *lv denied* 6 NY3d 756 [2005]; *People v King*, 20 AD3d 907 [2005], *lv denied* 5 NY3d 829 [2005]), but it does not encompass his challenge to the voluntariness of the plea (*see People v Harrison*, 4 AD3d 825 [2004], *lv denied* 2 NY3d 740 [2004]; *People v Morrow*, 295 AD2d 990 [2002]). As previously noted, however, that contention lacks merit (*see Nichols*, 21 AD3d at 1274; *see also People v Bennett*, 24 AD3d 975 [2005], *lv denied* 6 NY3d 831 [2006]). Present—Gorski, J.P., Martoche, Lunn, Peradotto and Pine, JJ.