*1202 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered May 17, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him, respectively, upon his pleas of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject the contention of defendant that County Court erred in denying his motion to withdraw his guilty pleas. Defendant contends that his pleas were coerced because the court and the prosecutor advised him that, if he did not accept the plea agreement, the federal government would consider prosecuting him. The record does not support that contention (see generally People v Hamilton, 45 AD3d 1396 [2007], lv denied 10 NY3d 765 [2008]). Indeed, “[t]he court, while impressing upon defendant the strength of the People’s case, the potential sentence to which defendant was exposed under the indictment[s], and the favorableness of the plea bargain, reiterated throughout the colloquy that the decision to either plead guilty or go to trial remained with the defendant” (id. at 1396 [internal quotation marks omitted]). Finally, “the fact that defendant was required ‘to accept or reject the plea offer within a short time period does not amount to coercion’ ” (People v Irvine, 42 AD3d 949, 949 [2007], lv denied 9 NY3d 962 [2007]). Present — Smith, J.P., Centra, Lunn, Fahey and Green, JJ.