# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

302
KA 09-02537
PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

CAMERON K. STRASSER, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (LAURIE M. BECKERINK OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered June 25, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (five counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of five counts of burglary in the third degree (Penal Law § 140.20). We reject defendant's contention that County Court erred in failing to conduct an evidentiary hearing before denying his motion to withdraw his plea. The court afforded defendant the requisite "reasonable opportunity to present his contentions" in support of that motion (*People v Tinsley*, 35 NY2d 926, 927; *see People v Irvine*, 42 AD3d 949, *lv denied* 9 NY3d 962), and the court did not abuse its discretion in concluding that no further inquiry was necessary. Defendant's contention that the plea was coerced by defense counsel is belied by his statements during the plea colloquy that no one forced him to plead guilty and that he was satisfied with the representation of defense counsel (*see Irvine*, 42 AD3d 949; *People v Nichols*, 21 AD3d 1273, 1274, *lv denied* 6 NY3d 757). We reject defendant's further contention that the court erred in refusing to assign new counsel for the motion to withdraw his plea, inasmuch as the record does not demonstrate that defense counsel took a position adverse to defendant (*see People v McKoy*, 60 AD3d 1374, 1374-1375, *lv denied* 12 NY3d 856), or that he coerced defendant into pleading guilty (*cf. People v Ulloa*, 300 AD2d 60, 61-62).

Entered: April 1, 2011                          Patricia L. Morgan
                                                Clerk of the Court