# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**288**

**KA 12-00567**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

EDWARD M. JENKINS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

EDWARD M. JENKINS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered February 21, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and robbery in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a plea of guilty of one count of robbery in the first degree (Penal Law § 160.15 [4]) and two counts of robbery in the third degree (§ 160.05), defendant contends that County Court erred in denying his motion to withdraw his guilty plea. Defendant's contention "that his plea was involuntary because he was coerced by defense counsel is belied by [defendant's] responses to the court's questions during the plea colloquy, indicating that he was pleading guilty voluntarily and that no threats or promises had induced the plea" (*People v Toliver*, 82 AD3d 1581, 1582, *lv denied* 17 NY3d 802, *reconsideration denied* 17 NY3d 862; *see People v Ivey*, 98 AD3d 1230, 1231, *lv denied* 20 NY3d 1012; *People v Irvine*, 42 AD3d 949, 949, *lv denied* 9 NY3d 962). "Furthermore, the fact that defendant was required 'to accept or reject the plea offer within a short time period does not amount to coercion' " (*Irvine*, 42 AD3d at 949; *see People v Mason*, 56 AD3d 1201, 1202, *lv denied* 11 NY3d 927; *People v Thomas*, 39 AD3d 1197, 1198-1199, *lv denied* 9 NY3d 869). Although defendant also contended in support of his motion that he was innocent of the crimes, he "failed to submit any new evidence to substantiate his conclusory assertions of innocence" (*People v Morris*, 78 AD3d 1613, 1614, *lv denied* 17 NY3d 798; *see People v Diaz*, 286 AD2d 980, 980, *lv denied* 97 NY2d 681), and he admitted all of the essential elements of the crimes during the

plea allocution (*see People v Hobby*, 83 AD3d 1536, 1536, *lv denied* 17 NY3d 859; *People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746).  Therefore, based on the record before us, we see no reason to disturb the court's denial of defendant's motion (*see People v Stephens*, 6 AD3d 1123, 1124-1125, *lv denied* 3 NY3d 663, *reconsideration denied* 3 NY3d 682).

Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived his right to appeal (*see People v Bradshaw*, 18 NY3d 257, 264-265; *People v Lopez*, 6 NY3d 248, 256), and that valid waiver encompasses his contentions, raised in his main and pro se supplemental briefs, that the court erred in refusing to suppress identification testimony and in refusing to hold a *Wade* hearing on the superseded indictment (*see People v Kemp*, 94 NY2d 831, 833; *People v Caraballo*, 59 AD3d 971, 971, *lv denied* 12 NY3d 852; *People v McMillon*, 31 AD3d 1197, 1197), as well as the final contention in his pro se supplemental brief that he was denied his statutory right to a speedy trial (*see People v Badding*, 107 AD3d 1453, 1454; *People v Paduano*, 84 AD3d 1730, 1730; *People v Barnes*, 41 AD3d 1309, 1309-1310, *lv denied* 9 NY3d 920).

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court