OPINION OF THE COURT
Memorandum.
The order of Ontario County Court should be reversed, the judgment of conviction vacated and the case remitted for further proceedings on the informations.
Defendant was charged with disorderly conduct and resisting arrest stemming from an incident which occurred in the City of Canandaigua on the evening of July 19, 1976. Following his arrest at 11:30 p.m. he was held for appearance in court the following morning at 9:00 a.m. At the arraignment the charges were read, and in response to the court’s inquiry defendant stated that he did not want a lawyer. After being advised of his rights defendant pleaded guilty to both charges. Based on a limited subsequent inquiry, the court accepted the pleas and set the case down for sentencing.
Following these proceedings defendant consulted an attorney. The latter, although not retained by defendant, wrote a letter to the court requesting assignment of counsel for defendant and expressing the writer’s belief that, based on the facts as related to him by defendant, defendant was innocent. On July 28, 1976 the court assigned counsel.
On August 4, 1976 assigned counsel made a motion under CPL 220.60 to withdraw the plea of guilty based in part on an affidavit of defendant in which he stated that, prior to appearing in court on the morning of his arraignment, he had had a conversation with a police officer who advised him that, if he pleaded guilty to the charges placed against him, he would be let out on his own recognizance so that he could go back to work — "just like that”. Defendant also protested his innocence of the charges against him. The court adjourned the case until August 13, 1976 for the District Attorney’s office to file an answer.
On the adjourned return day the Assistant District Attorney *771 filed an affidavit in which he stated that, based "on conversations with various police officers” (not identified by name, assignment or otherwise), the statement made by defendant that he had been advised by a police officer that he would be let out on his own recognizance "is not true and that no officer made such a statement to the defendant”. The court reserved decision on the motion to withdraw the plea.
On August 23, 1976 the parties reappeared and the court denied the motion to withdraw the plea, without a hearing and without a written opinion. On September 13, 1976 defendant was sentenced to an unconditional discharge on the disorderly conduct charge and to 30 days in jail and three years’ probation on the charge of resisting arrest.
On appeal Ontario County Court affirmed the convictions, and defendant has served his jail sentence.
In view of the assertion made by defendant, never effectively controverted by the prosecutor, it was error for the court to deny defendant’s motion to withdraw his plea (entered without the benefit of advice of counsel), without a hearing, based only on the District Attorney’s conclusory denial of defendant’s story unaccompanied by any tender of supporting proof. At the present stage, no useful purpose would be served by remitting the case for an evidentiary hearing; nor does the prosecutor suggest what evidence, if any, might be available for introduction at any such hearing.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, the judgment of conviction vacated, and the case remitted to Canandaigua City Court for further proceedings on the informations in a memorandum.