right to cross-examination by County Court's refusal to provide him with the presentence reports of his four codefendants. Those reports are confidential (*see,* CPL 390.50 [1]), and defendant failed to make a sufficient showing of need for the information in the reports to warrant their disclosure (*see, Matter of Blanche v People,* 193 AD2d 991, 992).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVANS SUMMERS, Appellant. (Appeal No. 2.) [662 NYS2d 912] —Judgment unanimously affirmed. Memorandum: We conclude that defendant's waiver of the right to appeal is enforceable. The record establishes that defendant understood that, by waiving his right to appeal, he was relinquishing the right to challenge his conviction. It further establishes that defendant had a full opportunity to discuss the plea bargain with his attorney and that the plea bargain was beneficial to defendant. Consequently, the facts and circumstances surrounding defendant's waiver of appeal establish that it was voluntary, knowing and intelligent (*see, People v Seaberg,* 74 NY2d 1, 11; *People v Coleman* [appeal No. 1], 219 AD2d 827). In any event, were we to reach the issues raised on appeal, we would conclude that they are without merit. Although defendant, if tried, could not have been convicted of criminal use of a firearm in the first degree and robbery in the first degree (*see, People v Brown,* 67 NY2d 555, 560-561, *cert denied* 479 US 1093), a plea to those crimes is properly sustained when the plea is "sought by defendant and freely taken as part of a bargain which was struck for the defendant's benefit" (*People v Foster,* 19 NY2d 150, 154; *see, People v Griffin,* 7 NY2d 511). (Appeal from Judgment of Erie County Court, Rogowski, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVANS SUMMERS, Appellant. (Appeal No. 3.) [665 NYS2d 361] —Judgment unanimously affirmed. Same Memorandum as in *People v Summers* ([appeal No. 2] 242 AD2d 869 [decided herewith]). (Appeal from Judgment of Erie County Court, Rogowski, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.

■ RAYMOND HANLEY, Plaintiff, v PAUL A. CASTALDO, Defendant and Third-Party Plaintiff-Respondent. CPS ELECTRICAL