■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG RODDY, Appellant. [743 NYS2d 351] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered December 13, 2000, convicting defendant upon his plea of guilty of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the third degree (§ 155.35) and grand larceny in the fourth degree (§ 155.30 [7]). He contends that his plea was not knowingly and voluntarily entered because County Court failed to advise him either at the time of the plea or at sentencing that the bargained-for sentence would be followed by a mandatory pe-

riod of postrelease supervision (*see* § 70.45 [2]). That contention is unpreserved for our review (*see* CPL 470.05 [2]; *People v Lopez*, 71 NY2d 662, 665-666).

Defendant also failed to preserve for our review his contentions that the plea colloquy was insufficient because he was not informed of fundamental rights that he was waiving (*see People v Davenport*, 273 AD2d 926) and that his plea allocution failed to establish the essential elements of the offenses to which he was pleading guilty (*see People v Alicea,* 264 AD2d 900, 900-901, *lv denied* 94 NY2d 876; *see generally People v Lopez*, 71 NY2d 662, 665). In any event, we conclude that those contentions lack merit. Present—Pine, J.P., Wisner, Kehoe, Burns and Lawton, JJ.