THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN JENNINGS, Appellant. [743 NYS2d 791] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered June 16, 2000, convicting defendant after a jury trial of robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the third degree (Penal Law § 160.05) and sentencing him as a second felony offender to an indeterminate term of incarceration of 2½ to 5 years. Defendant's challenge to the admission of testimony that allegedly bolstered the identification testimony is not preserved for our review (*see People v Sinkler*, 288 AD2d 844, 845), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that Supreme Court erred in refusing to suppress the identification testimony. In support of that contention, defendant erroneously relies on trial testimony; our review is limited to the evidence presented at the suppression hearing (*see People v Millan*, 69 NY2d 514, 518 n 4; *People v Gonzalez*, 55 NY2d 720, 721-722, *rearg denied* 55 NY2d 1038, *cert denied* 456 US 1010). The uncontroverted evidence at the *Wade* hearing established that the witness's identification of defendant in the back seat of the patrol car occurred by happenstance and was not orchestrated by police. In any event, it is well settled that procedures that are less than ideal are tolerable in the interest of prompt identification,

particularly where, as here, the identification occurred "in close geographic and temporal proximity to the crime" (*People v Ortiz,* 90 NY2d 533, 537; *see People v Walker,* 292 AD2d 791) under circumstances that were "not so unnecessarily suggestive as to create a substantial likelihood of misidentification" (*People v Duuvon,* 160 AD2d 653, 653, *affd* 77 NY2d 541). The fact that defendant was handcuffed and in the patrol car did not render the procedure unduly suggestive (*see Duuvon,* 77 NY2d at 545).

The evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). Defendant's challenge to the severity of the sentence is without merit. Present—Hayes, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.