THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GRESS, Appellant. [771 NYS2d 450]—Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered October 29, 2001. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty to a superior court information, of grand larceny in the second degree (Penal Law § 155.40 [1]). We reject the contention of defendant that his waiver of the right to appeal was invalid. A defendant's right to appeal may be waived as a condition of a negotiated sentence or plea bargain (*see People v Seaberg,* 74 NY2d 1 [1989]) and no particular litany is required to effect a valid waiver (*see People v Moissett,* 76 NY2d 909, 910, 911 [1990]). Here, not only did County Court question defendant concerning his desire to waive his right to appeal, but defendant was present when the prosecutor stated that the waiver of the right to appeal was a condition of the plea. Thus, the record of the plea colloquy reflects that the waiver was "knowingly, intelligently, and voluntarily made" (*People v Callahan,* 80 NY2d 273, 280 [1992]).

We further conclude that the sentence is not unduly harsh or severe. Moreover, the requirements of Penal Law § 60.27 (2) have been satisfied, albeit without a hearing, inasmuch as defendant signed a confession of judgment and the amount of restitution was entered accordingly, without objection (*see People v Kim,* 91 NY2d 407, 411 [1998]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.