■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL M. WILLIAMS, Appellant. [789 NYS2d 591]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 19, 2001. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law § 120.10 [1]) and robbery in the first degree (§ 160.15), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. It is well settled that "no particular litany is required to effect a valid waiver" of the right to appeal (*People v Gress*, 4 AD3d 830, 830 [2004], *lv denied* 2 NY3d 740 [2004]; *see People v Moissett*, 76 NY2d 909, 910-911 [1990]; *People v McLemore*, 303 AD2d 950 [2003], *lv denied* 100 NY2d 540 [2003]). Here, as in *Gress*, "not only did County Court question defendant concerning his desire to waive his right to appeal, but defendant was present when the prosecutor stated that the waiver of the right to appeal was a condition of the plea" (*Gress*, 4 AD3d at 830). "The record establishes that defendant understood that, by waiving his right to appeal, he was relinquishing the right to challenge his conviction" (*People v Summers* [appeal No. 2], 242 AD2d 869, 869 [1997], *lv denied* 91 NY2d 881 [1997]; *see People v Lynch*, 4 AD3d 809 [2004], *lv denied* 2 NY3d 742 [2004]).

To the extent that defendant contends that his plea of guilty was not knowingly, voluntarily or intelligently entered and that he was denied effective assistance of counsel, those contentions survive the waiver of the right to appeal (*see People v Irvine*, 303 AD2d 1013 [2003], *lv denied* 100 NY2d 539 [2003]; *People v French*, 292 AD2d 813 [2002], *lv denied* 98 NY2d 675 [2002]). By failing to move to withdraw his plea or vacate the judgment of conviction, however, defendant failed to preserve the former

contention for our review (*see generally People v Lopez*, 71 NY2d 662, 665 [1988]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The contention of defendant that his plea was affected by ineffective assistance of counsel involves matters dehors the record, which are not reviewable on this direct appeal (*see People v Prince*, 5 AD3d 1098, 1099 [2004], *lv denied* 2 NY3d 804 [2004]; *People v Davis*, 307 AD2d 722, 723 [2003], *lv denied* 100 NY2d 619 [2003]; *People v Sanders*, 289 AD2d 101 [2001], *lv denied* 97 NY2d 760 [2002]). Finally, the valid waiver of the right to appeal encompasses defendant's challenges to the denial of youthful offender status (*see People v Dorman*, 5 AD3d 1094 [2004], *lv denied* 2 NY3d 798 [2004]) and the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]). Present—Hurlbutt, J.P., Kehoe, Gorski, Pine and Hayes, JJ.