THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CLARK, Appellant. [806 NYS2d 834]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 7, 2004. The judgment convicted

defendant, upon his plea of guilty, of rape in the first degree and sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [3]) and sodomy in the first degree (former § 130.50 [3]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. "The record establishes that defendant understood that, by waiving his right to appeal, he was relinquishing the right to challenge his conviction" (*People v Summers* [appeal No. 2], 242 AD2d 869, 869 [1997], *lv denied* 91 NY2d 881 [1997]; *see People v Williams*, 15 AD3d 863 [2005], *lv denied* 5 NY3d 771 [2005]). Because defendant waived his right to appeal after being informed of the potential periods of incarceration, the valid waiver of the right to appeal encompasses defendant's contention concerning the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]).

Defendant further contends that County Court erred in denying his motions to withdraw his plea and for substitution of counsel. When the court questioned defendant at sentencing with respect to those motions, defendant stated that he wished "to go ahead with the proceedings." Thus, we conclude that "[t]he record, read as a whole, establishes that defendant abandoned his [motions] to withdraw his guilty plea" and for substitution of counsel (*People v Davis*, 265 AD2d 260, 261 [1999], *lv denied* 94 NY2d 879 [2000]; *see People v Hobart*, 286 AD2d 916 [2001], *lv denied* 97 NY2d 683 [2001]).

We further reject the contention in defendant's pro se supplemental brief that the superior court information (SCI) is jurisdictionally defective. Pursuant to CPL 195.20, the offenses named in an SCI "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40." The charges of rape and sodomy are properly joinable because they are defined by the same or similar statutory provisions and consequently are the same or similar in law (*see* CPL 200.20 [2] [c]; *People v Berta*, 213 AD2d 659, 660 [1995], *lv denied* 85 NY2d 969 [1995]), despite the fact that the charges involve different victims (*see e.g. People v Nickel*, 14 AD3d 869 [2005], *lv denied* 4 NY3d 834 [2005]; *People v Monte*, 302 AD2d 687, 688 [2003]). Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.