THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. SIMPSON, Appellant. [815 NYS2d 847]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 18, 2000. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law, the plea is vacated and the matter is remitted to Cattaraugus County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]), in connection with the shooting death of his brother. Defendant contends that his plea was not knowingly and voluntarily entered because County Court failed to advise him of the mandatory period of postrelease supervision at the time of the plea or at the sentencing proceeding and he had no notice of the mandatory period of postrelease supervision inasmuch as the court did not impose a period of postrelease supervision at sentencing (cf. People v Vance, 27 AD3d 1015

[2006]). We agree. "[T]he failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245 [2005]). To the extent that prior decisions of this Court would require preservation of defendant's contention (*see e.g. People v Pan Zhi Feng*, 15 AD3d 862 [2005], *lv denied* 5 NY3d 809 [2005]; *People v Roddy*, 295 AD2d 965 [2002]), those decisions are no longer to be followed. In light of our determination, we need not address defendant's remaining contentions.

All concur, Lawton, J., not participating. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.