■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. BRAND, Appellant. [817 NYS2d 459]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 30, 1999. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law, the plea is vacated and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant contends that his plea was not knowingly, voluntarily, and intelligently entered because he was not advised of the mandatory period of postrelease supervision at the time of the plea or at the sentencing proceeding, nor did he have notice of the mandatory period of postrelease supervision because Supreme Court did not impose a period of postrelease supervision at sentencing (*see People v Simpson*, 30 AD3d 1112 [2006]; *cf. People v Vance*, 27 AD3d 1015 [2006]). We agree, and thus we further agree with defendant that reversal is required (*see Simpson*, 30 AD3d 1112).

All concur, Lawton, J., not participating. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Lawton, JJ.