THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. COLLIGAN, Appellant. [860 NYS2d 717]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered May 17, 2005. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the motion seeking to suppress evidence seized from defendant's automobile is granted and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law § 160.10 [2] [b]). We agree with defendant that County Court, which conducted the suppression hearing, erred in denying that part of his omnibus motion seeking to suppress evidence seized by the police from his automobile. We note at

the outset that, although the People contend on appeal that there was probable cause to search the automobile prior to the issuance of the search warrant therefor, they presented no such evidence at the suppression hearing, and the court's suppression ruling is "limited to the evidence presented at the suppression hearing" (*People v Jennings*, 295 AD2d 1000, 1000 [2002], *lv denied* 99 NY2d 536 [2002]). The evidence presented at the hearing established that the police seized defendant's automobile before the warrant was issued, inasmuch as they "sat out" with the automobile and took the keys to the automobile from defendant before obtaining the warrant. Although they did not search the automobile until the search warrant had been obtained, "there is no lesser invasion in the detention or holding of an automobile while a warrant [is] obtained than in an immediate entry of an automobile to search for contraband or evidence" (*People v Singleteary*, 35 NY2d 528, 533 [1974]; *see People v Brosnan*, 32 NY2d 254, 259-260 [1973]).

Finally, we note that defendant is correct when he contends in the alternative that Supreme Court, which conducted the plea proceeding and sentenced defendant, erred in ordering him to pay restitution without first affording him the opportunity to withdraw his plea, inasmuch as restitution was not part of the plea agreement (*see generally People v Ponder*, 42 AD3d 880, 882 [2007], *lv denied* 9 NY3d 925 [2007]; *People v Cooke*, 21 AD3d 1339 [2005]). Nevertheless, no curative action for Supreme Court's error at sentencing is warranted in view of the fact that we are vacating the plea based on County Court's refusal to suppress the evidence found in defendant's automobile. Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.