■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. TRISVAN, Appellant. [860 NYS2d 377]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 21, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that his plea was not knowingly, voluntarily and intelligently entered because County Court failed to advise him of the mandatory period of postrelease supervision at the time of the plea. Furthermore, because defendant was not advised of the period of postrelease supervision at the sentencing proceeding and the court did not impose a period of postrelease supervision at sentencing, he did not have notice of the mandatory period of postrelease supervision (see People v Simpson, 30 AD3d 1112 [2006]; People v Brand, 30 AD3d 1113 [2006]; see generally People v Hill, 9 NY3d 189, 191 [2007], cert denied 553 US —, 128 S Ct 2430 [2008]). We agree with defendant that reversal and vacatur of the plea is required inasmuch as the court failed to advise him of the period of postrelease supervision at the time of the plea (see People v Louree, 8 NY3d 541, 544-546 [2007]; Simpson, 30 AD3d at 1113; Brand, 30 AD3d 1113 [2006]; see generally People v Sparber, 10 NY3d 457 [2008]).

We further note that, in any event, defendant also is correct that the court erred in ordering him to pay restitution without first affording him the opportunity to withdraw his plea, inasmuch as restitution was not part of the plea agreement (see People v Colligan, 52 AD3d 1209 [2008]; see generally People v Ponder, 42 AD3d 880, 882 [2007], lv denied 9 NY3d 925 [2007]; People v Cooke, 21 AD3d 1339 [2005]). In light of our determination, we do not address defendant's challenge to the severity of the sentence. Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.