■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARAK CORNELL, Appellant. [905 NYS2d 415]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered December 15, 2008. The judgment convicted defendant, upon his plea of guilty, of arson in the second degree.

It is hereby ordered that the judgment so appealed from is reversed on the law, the plea is vacated, and the matter is remitted to Chautauqua County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him upon his guilty plea of arson in the second degree (Penal Law § 150.15), defendant contends that the judgment of conviction must be reversed because County Court failed to advise him at the time of his plea that his sentence would include a period of postrelease supervision (PRS). We agree. It is well established that a "trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (*People v Ford*, 86 NY2d 397, 402-403 [1995]; *see People v Louree*, 8 NY3d 541, 544 [2007]). "Although the court is not required to engage in any particular litany when allocuting the defendant, 'due process requires that the record must be clear that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant'" (*People v Catu*, 4 NY3d 242, 245 [2005], quoting *Ford*, 86 NY2d at 403).

Here, defendant was indicted on three felony offenses, including arson in the second degree. Defendant entered a plea of not guilty and the matter proceeded to trial where, at the outset of jury selection, the prosecutor placed the People's plea offer on the record. The offer required defendant to plead guilty to arson in the second degree in satisfaction of all charges, in return for a sentence promise from the court of 14 years' imprisonment plus a period of five years of PRS. Defendant rejected that offer,

stating, inter alia, that he wanted a sentence promise of seven years. Following a conference with defense counsel and the prosecutor in chambers, the court informed defendant that it would "cap the sentence at 14 years" and consider a lesser term based upon the submission of mitigating evidence at sentencing. The court did not mention a period of PRS. Defendant rejected that modified offer, and the court proceeded with jury selection. Later that day, after seven jurors had been seated, the court spoke to defendant and defense counsel off the record. Following that discussion, the court reiterated to defendant on the record that it would sentence him to no more than 14 years' imprisonment if he were to plead guilty to the top count of the indictment, i.e., arson in the second degree. No mention of any period of PRS was made by the court, the prosecutor or defense counsel. Although he had rejected the same modified offer from the court earlier that day, defendant stated that he understood the offer and wished to accept it, whereupon the court engaged him in a plea colloquy and accepted his guilty plea. At no time during the colloquy did the court mention a period of PRS. The court nevertheless sentenced defendant to a period of PRS of five years, along with a determinate term of imprisonment of 14 years.

It is undisputed that defendant was not advised at the time of the plea that his sentence would include a period of PRS. The People contend, however, that the plea need not be vacated because the prosecutor had stated earlier that day that the People's plea offer included a period of PRS. In our view, the record does not make clear that defendant was aware that the court's sentence promise, which as noted was slightly modified from that articulated by the prosecutor, included a period of PRS. The prosecutor did not state that a period of PRS was mandatory, and the court, when it modified the sentence promise to a cap of 14 years' imprisonment, did not state that all other conditions of the plea agreement as outlined by the prosecutor earlier that day would remain in effect. The court simply stated that its sentence promise was a cap of 14 years' imprisonment. Under the circumstances, it cannot be said that defendant necessarily was informed that his sentence would be a cap of 14 years' imprisonment *plus* a period of five years of PRS. Indeed, defendant may reasonably have believed that the court's repeated failure to mention a period of PRS indicated that it was no longer a part of the sentence promise. It is of course possible that defendant knew that his sentence would include a period of PRS, but to reach that conclusion on this record would entail engaging in impermissible speculation. As the Court of Appeals has explained, the " 'record must be

clear' " with respect to the knowledge of defendant of the terms of his sentence (*Catu*, 4 NY3d at 245), and the record in this case does not meet that standard.

We cannot agree with the dissent that the proceedings on the day in question may be characterized as "an ongoing plea allocution." There was a pronounced break in the plea discussions after defendant rejected the People's plea offer that morning. Jury selection thereafter commenced, the court adjourned the proceeding for lunch, and seven jurors were seated. At some time later that day, the discussions concerning a plea were renewed and defendant eventually decided to plead guilty. At that time, the court had a constitutional duty to ensure that defendant was aware that his sentence would include a period of PRS (*see Louree*, 8 NY3d at 544), and the fact that the prosecutor mentioned a period of PRS earlier that day does not excuse the court from fulfilling its constitutional duty (*see generally People v Garcia*, 61 AD3d 475 [2009], *lv denied* 12 NY3d 925 [2009]; *see also People v Key*, 64 AD3d 793 [2009]). The guilty plea must therefore be vacated even in the absence of a postallocution motion (*see People v Boyd*, 12 NY3d 390, 393 [2009]; *People v Dillon*, 67 AD3d 1382, 1383 [2009]).

All concur except Smith, J.P., and Sconiers, J., who dissent and vote to affirm in the following memorandum.

Smith, J.P., and Sconiers, J. (dissenting). We respectfully dissent and would affirm the judgment. It is well established that a defendant " 'must be aware of the postrelease supervision [PRS] component of [his or her] sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action' " (*People v Louree*, 8 NY3d 541, 545 [2007], quoting *People v Catu*, 4 NY3d 242, 245 [2005]). We cannot agree with the majority, however, that the plea entered by defendant was not voluntary, knowing and intelligent because County Court did not personally inform defendant at the time of the plea that his sentence would include a period of PRS.

The record establishes that, at the start of the proceedings on the day that this matter was scheduled for trial, the prosecutor stated on the record that the People would permit defendant to plead guilty to the charge of arson in the second degree in full satisfaction of the remaining counts of the indictment, and that County "Court has indicated that upon such a plea [it] would commit to a term of 14 years in state prison plus five years [of] postrelease supervision." The court then stated, "that's correct," and asked whether that was the defense's understanding of the terms of the plea agreement. After defense counsel answered in the affirmative, defendant attempted to bargain

with the court regarding the length of the term of incarceration rather than accepting the plea at that time. After repeatedly indicating that the term of incarceration would remain as set forth in the plea agreement recited by the prosecutor, the court eventually stated that jury selection would proceed.

Later that same day, however, the court stated that it had personally spoken with defendant, in the presence of and with the permission of the prosecutor and defense counsel. The court further stated that it would cap the sentence at 14 years if defendant pleaded guilty, and would permit defense counsel to attempt to obtain a lesser sentence by presenting the court with records regarding defendant's psychological issues. The court did not repeat the other terms of the plea agreement. Defendant pleaded guilty and, at a later date, was sentenced to a term of incarceration of 14 years plus a five-year period of PRS.

Initially, we conclude that defendant failed to preserve his current contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction based on that contention (*see generally People v Schwandner*, 67 AD3d 1481 [2009], *lv denied* 14 NY3d 805 [2010]). While we of course agree with the majority that, where the record fails to establish that the court, directly or through the prosecutor, "advise[d] a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion" (*Louree*, 8 NY3d at 545-546), here the record establishes that defendant was in fact advised of the sentence to be imposed, including its PRS component, during what may be characterized under the circumstances of this case as an ongoing plea allocution. "Because defendant could have sought relief from the sentencing court in advance of the sentence's imposition, *Louree*'s rationale for dispensing with the preservation requirement is not presently applicable" (*People v Murray*, 15 NY3d 725, 727 [2010]).

Even assuming, arguendo, that preservation is not required, we would nevertheless reject the contention of defendant that his plea was not knowingly, voluntarily and intelligently entered because the court failed to apprise him that a period of PRS would be imposed as a component of the sentence. The majority is correct that the Court of Appeals has stated that, in order to ensure that a defendant is aware that a period of PRS will be imposed as part of a sentence, "the trial judge must advise a defendant of the direct consequences of a plea and the resulting waiver of rights" (*Louree*, 8 NY3d at 545; *see Catu*, 4 NY3d at

244-245). In that same case, however, the Court of Appeals also stated that " '[t]he court is not required to engage in any particular litany when allocuting the defendant, but due process requires that the record must be clear that the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant' " (*Louree*, 8 NY3d at 544-545). We have repeatedly concluded that a court need not personally state the conditions of a plea but, rather, the prosecutor may state the conditions provided that the record reflects that the defendant understood his or her choices and made a voluntary and intelligent choice among the alternatives (*see e.g. People v Williams*, 15 AD3d 863 [2005], *lv denied* 5 NY3d 771 [2005], *lv denied upon reconsideration* 5 NY3d 811 [2005]; *People v Gress*, 4 AD3d 830 [2004], *lv denied* 2 NY3d 740 [2004]). Here, the prosecutor unequivocally stated at the start of the proceedings on the day of the plea that a five-year period of PRS was a condition of the plea, the court and defense counsel indicated their agreement with that statement, and defendant did not request any alteration with respect to that term of the sentence promise. Thus, the record reflects defendant's understanding that PRS was a condition of the plea. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.