THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PETT, Appellant. [907 NYS2d 761]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered June 4, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Herkimer County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]). The judgment must be reversed and the plea vacated because County Court failed to advise defendant prior to the entry of the plea that his sentence would include

a period of postrelease supervision (*see People v Hill*, 9 NY3d 189, 191-192 [2007], *cert denied* 553 US 1048 [2008]; *People v Catu*, 4 NY3d 242, 245 [2005]). The reference to postrelease supervision by defense counsel in proposing an alternative sentence that was rejected by the court "cannot substitute for the court's duty to ensure, at the time the plea is entered, that the defendant is aware of the terms of the plea . . . , especially in light of the fact that it was not stated that postrelease supervision was required to be part of any sentence with a determinate prison term" (*People v Key*, 64 AD3d 793, 793-794 [2009], *lv dismissed* 14 NY3d 889 [2010]; *see People v Cornell*, 75 AD3d 1157 [2010]).

We further note that the court erred in enhancing the sentence by ordering defendant to pay restitution without first affording him the opportunity to withdraw his plea, inasmuch as restitution was not part of the plea agreement (*see People v Pett*, 74 AD3d 1891 [2010]; *People v Trisvan*, 53 AD3d 1057 [2008]). In light of our decision, we do not address defendant's challenge to the severity of the sentence. Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.