# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**857**

**KA 07-00321**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

TONY L. IVEY, DEFENDANT-APPELLANT.

---

GANGULY BROTHERS, PLLC, ROCHESTER (ANJAN K. GANGULY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered April 24, 2003. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]). We reject defendant's contention that his conviction must be vacated because County Court failed to inform him of the length of the period of postrelease supervision. It is well settled that a defendant " 'must be aware of the postrelease supervision component of [his or her] sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action' " (*People v Louree*, 8 NY3d 541, 545, quoting *People v Catu*, 4 NY3d 242, 245). Here, the prosecutor informed defendant immediately prior to the plea colloquy that the period of postrelease supervision in the plea agreement was five years, and the court then explained to defendant that postrelease supervision was a mandatory component of his sentence. Thus, at the time defendant entered his plea, he was aware that a period of five years of postrelease supervision would be a part of his sentence (*cf. People v Cornell*, 75 AD3d 1157, 1158-1159, *affd* 16 NY3d 801; *People v Pett*, 77 AD3d 1281, 1281-1282).

Contrary to defendant's further contentions, we conclude that the court engaged in adequate fact-finding procedures in denying defendant's motion to withdraw his guilty plea and did not err in failing to conduct an evidentiary hearing on the motion. The record establishes that, during oral argument of the motion, the court afforded defendant "the requisite 'reasonable opportunity to present his contentions' in support of [the] motion" (*People v Strasser*, 83

AD3d 1411, 1411, quoting *People v Tinsley*, 35 NY2d 926, 927; *see People v Buske*, 87 AD3d 1354, 1355, *lv denied* 18 NY3d 882; *People v Harris*, 63 AD3d 1653, 1653).  Additionally, the court "did not abuse its discretion in denying defendant's motion to withdraw the plea on the ground of coercion without conducting a hearing inasmuch as the record is devoid of 'a genuine question of fact as to the plea's voluntariness' " (*People v Campbell*, 62 AD3d 1265, 1266, *lv denied* 13 NY3d 795).  Indeed, defendant's contention that his plea was coerced is belied by his statement during the plea colloquy that he had not been forced to plead guilty (*see People v Williams*, 90 AD3d 1546, 1547; *People v Wolf*, 88 AD3d 1266, 1267, *lv denied* 18 NY3d 863).  In addition, defendant alleged, inter alia, that the prosecutor threatened defendant's wife and sister-in-law with incarceration if they did not testify, thereby forcing him to plead guilty.  We note, however, that the prosecutor specifically denied threatening any witnesses, and defense counsel did not challenge the prosecutor's statement.  Defendant's reliance on *People v Wheaton* (45 NY2d 769, 770-771) is misplaced inasmuch as the prosecutor herein effectively controverted defendant's allegations.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of assault in the first degree, and it must therefore be amended to reflect that he was convicted of assault in the second degree (*see People v Saxton*, 32 AD3d 1286, 1286-1287).

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court