# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

488

KA 12-00534

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ADAM PURDY, DEFENDANT-APPELLANT.

---

ROBERT TUCKER, PALMYRA, FOR DEFENDANT-APPELLANT.

ADAM PURDY, DEFENDANT-APPELLANT PRO SE.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (WENDY EVANS LEHMANN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered January 25, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the second degree and criminal possession of stolen property in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of burglary in the second degree and grand larceny in the second degree, granting the omnibus motion insofar as it sought to suppress the statements made by defendant and the physical evidence seized from his vehicle and vacating the sentence imposed for criminal possession of stolen property in the second degree, and as modified the judgment is affirmed, a new trial is granted on counts one and two of the indictment, and the matter is remitted to Wayne County Court for resentencing on count three of the indictment.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the second degree (§ 155.40 [1]) and criminal possession of stolen property (CPSP) in the second degree (§ 165.52). We reject defendant's contention in his pro se supplemental brief that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that County Court erred in denying that part of his omnibus motion seeking suppression of the

physical evidence that was seized from his vehicle and the statements he made to New York State Police Investigators, inasmuch as the People failed to meet their "burden of going forward to show the legality of the police conduct in the first instance" (*People v Di Stefano*, 38 NY2d 640, 652; *see People v Riddick*, 70 AD3d 1421, 1423, *lv denied* 14 NY3d 844).

At the suppression hearing, the People presented testimony from two investigators who came into contact with defendant after he had been taken into custody. Only one of those investigators testified to any events that occurred before defendant was taken into custody. That investigator testified that he was involved in the investigation of a residential burglary and that, as a result of his investigation and his interviews with witnesses and other suspects, he was "actively looking for [defendant]." Despite the fact that, "[a]s a general rule, hearsay is admissible at a suppression hearing" (*People v Edwards*, 95 NY2d 486, 491; *see* CPL 710.60 [4]; *United States v Raddatz*, 447 US 667, 679, *reh denied* 448 US 916; *People v Brink*, 31 AD3d 1139, 1140, *lv denied* 7 NY3d 865), here the People failed to present any testimony at the suppression hearing concerning what the investigator had actually learned from his investigation and interviews, i.e., what evidence established that defendant was potentially involved in the crimes. Inasmuch as there is no dispute that defendant was in custody, the People were required to establish that the investigators who took defendant into custody had, at the very least, "a reasonable suspicion that [defendant] ha[d] committed, [was] committing or [was] about to commit a felony or misdemeanor" (*People v De Bour*, 40 NY2d 210, 223; *see* CPL 140.50 [1]). Even assuming, arguendo, that it was established at trial that the investigators had the requisite reasonable suspicion to forcibly detain defendant, we note that our review of a "court's suppression ruling is 'limited to the evidence presented at the suppression hearing' " (*People v Colligan*, 52 AD3d 1209, 1210; *see People v Jennings*, 295 AD2d 1000, 1000, *lv denied* 99 NY2d 536).

Because the People failed to present evidence at the suppression hearing establishing the legality of the police conduct, defendant's purported consent to the search of his vehicle was involuntary and all evidence seized from the vehicle as a result of that consent should have been suppressed (*see People v Packer*, 49 AD3d 184, 187-189, *affd* 10 NY3d 915; *People v Banks*, 85 NY2d 558, 563, *cert denied* 516 US 868; *see generally People v Gonzalez*, 39 NY2d 122, 128). Additionally, defendant's statements to the police must be suppressed as fruit of the poisonous tree (*see People v Garcia*, 85 AD3d 28, 34, *mod on other grounds* 20 NY3d 317; *People v Cady*, 103 AD3d 1155, 1157; *People v Beckett*, 88 AD3d 898, 900; *Riddick*, 70 AD3d at 1424).

The People contend that any error in the suppression ruling is harmless. We agree with the People only in part. Where, as here, the error is constitutional in nature, the People must establish "that there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" (*People v Crimmins*, 36 NY2d 230, 237). With respect to the burglary and grand larceny counts, we conclude

that the error is not harmless.  Aside from defendant's statements, there was no direct evidence that defendant participated in the burglary and larceny.  An accomplice who became involved after the burglary was committed testified only that, on the morning of the burglary, defendant borrowed a "dolly," and that, later that afternoon, defendant and another person arrived at the accomplice's house with a 500-pound safe.  At that point, the three men acted together to break open the safe and split the proceeds.  Because the admissible evidence of guilt on the burglary and grand larceny charges is not overwhelming, we conclude that there is a reasonable possibility that the error in admitting the evidence seized from defendant's vehicle and defendant's statements to the police may have contributed to defendant's conviction.  We therefore modify the judgment by reversing those parts convicting defendant of burglary in the second degree and grand larceny in the second degree and granting the omnibus motion insofar as it sought to suppress the statements made by defendant and the physical evidence seized from his vehicle, and we grant a new trial on those counts.

We reach a different conclusion, however, with respect to the count of CPSP.  The admissible evidence at trial established that defendant worked with two other men to open the safe and take possession of the $405,000 contained therein.  Most of that money was in the form of bills in the amounts of $10 and $20.  That same day, defendant was captured on security video in the act of buying two safes, one of which was taken by defendant's mother to his aunt's house.  Defendant's aunt surrendered that safe to the police and, when that safe was opened, it contained over $79,000.  Furthermore, within days of the burglary, defendant, accompanied on one occasion by his mother, purchased two separate vehicles in cash, using only bills in the amount of $20.  The evidence of guilt is overwhelming, and there is no reasonable possibility that the erroneous admission of defendant's statement and the evidence taken from his vehicle contributed to his conviction of CPSP in the second degree (*see id.*).

The People correctly concede that the certificate of conviction incorrectly states that defendant was sentenced as a persistent violent felony offender and that it should be corrected.  While the People contended that the sentence should remain as imposed, we conclude that the sentence for CPSP in the second degree, the only conviction remaining, must be vacated.  The sentencing transcript establishes that, although the court found defendant to be a persistent felony offender (*see* Penal Law § 70.10 [1]), it declined to sentence him as such (*see* § 70.10 [2]).  The sentence of an indeterminate term of incarceration of 5 to 10 years imposed on the conviction of CPSP in the second degree, a class C nonviolent felony, is only legal, however, if the court sentenced defendant as a second felony offender (*see* §§ 70.00 [2] [c]; [3] [b]; 70.06 [3] [c]; [4] [b]).  At no time did the court state that it was sentencing defendant as a second felony offender.  We therefore further modify the judgment by vacating the sentence imposed for CPSP in the second degree, and we

remit the matter to County Court for resentencing on that count.