# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

490

KA 02-00049

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                 MEMORANDUM AND ORDER

JAMES KENDRICK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

JAMES KENDRICK, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered February 1, 2001. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that Supreme Court erred in determining that he lacked standing to challenge the legality of the police search of a vehicle in which a large quantity of cocaine was found. Although the People correctly concede that the court erred in determining that defendant lacked standing to contest the search, they nevertheless contend that the error is harmless. We reject the People's contention. As a general rule, the harmless error doctrine "cannot be used to uphold a guilty plea that is entered after the improper denial of a suppression motion" (*People v Wells*, 21 NY3d 716, 717-718). An improper suppression ruling may be upheld only if there is no "reasonable possibility that the error contributed to the plea" (*People v Grant*, 45 NY2d 366, 379).

Here, we conclude that there is a reasonable possibility that the court's incorrect ruling on standing contributed to defendant's decision to plead guilty. Defendant was charged with, among other offenses, two counts of criminal possession of a controlled substance in the first degree, a class A-I felony, both of which carried a maximum sentence of 25 years to life. One of the class A-1 felony counts related to cocaine that was the subject of defendant's

suppression motion.  After the court denied defendant's motion without a hearing based on lack of standing, defendant pleaded guilty to one count of criminal possession of a controlled substance in the second degree in return for a sentence promise of six years to life.  There is a reasonable possibility that, had the court granted defendant a suppression hearing and then granted the motion, defendant would not have pleaded guilty.

We therefore hold the case, reserve decision and remit the matter to Supreme Court for a suppression hearing (*see People v Glover*, 46 AD3d 362, 362).

Entered:  May 8, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court