# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1225**

**KA 02-00049**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

JAMES KENDRICK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

JAMES KENDRICK, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered February 1, 2001. The appeal was held by this Court by order entered May 8, 2015, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (128 AD3d 1482). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the motion seeking to suppress physical evidence from the vehicle is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). When this appeal was previously before us, we concluded that, as the People correctly conceded, Supreme Court (Fisher, J.) erred in determining that defendant lacked standing to challenge the legality of the police search of a vehicle in which a large quantity of cocaine was found in the back seat (*People v Kendrick*, 128 AD3d 1482, 1482-1483). We further concluded that the error was not harmless because there was a reasonable possibility that the error contributed to defendant's decision to plead guilty. Upon remittal, the court (Winslow, J.) conducted a suppression hearing, following which it refused to suppress the cocaine, ruling that the People proved that the driver of the vehicle voluntarily consented to the search of the vehicle, and that the warrantless search was therefore lawful. We now reverse.

"It is the People's burden to establish the voluntariness of

defendant's consent, and that burden is not easily carried, for a consent to search is not voluntary unless 'it is a true act of the will, an unequivocal product of an essentially free and unconstrained choice.  Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle' " (*People v Packer*, 49 AD3d 184, 187, *affd* 10 NY3d 915, quoting *People v Gonzalez*, 39 NY2d 122, 128).  "An important, although not dispositive, factor in determining the voluntariness of an apparent consent is whether the consenter is in custody or under arrest, and the circumstances surrounding the custody or arrest" (*Gonzalez*, 39 NY2d at 128).

Here, defendant was a front seat passenger in the vehicle in which the cocaine was found by the police.  The only other occupant was the driver, who owned the vehicle and consented to the police search.  At the suppression hearing, the sole witness called by the People was the police officer who obtained consent to search from the driver.  That officer acknowledged, however, that she was not involved in the stop of the vehicle and did not know the basis for the stop. She was unaware whether the driver committed any traffic infractions and did not know why the driver was taken into custody.  According to the officer, she came into contact with the driver in an interview room at the police station at approximately 8:00 p.m., which was more than 4½ hours after the vehicle was stopped.  The officer did not know who, if anyone, had questioned the driver before she entered the interview room; did not know whether anyone had advised him of his *Miranda* rights; did not know whether he had been handcuffed prior to her arrival; did not know whether he had been given any food or drink; and did not know whether he had been allowed to make any telephone calls.  The officer merely testified that the driver spontaneously told her during the interview that there was cocaine in the back seat of his vehicle, and that he then voluntarily consented to the search by signing a consent to search form.

We conclude that, "[b]ecause the People failed to present evidence at the suppression hearing establishing the legality of the police conduct, [the driver's] purported consent to the search of his vehicle was involuntary[,] and all evidence seized from the vehicle as a result of that consent should have been suppressed" (*People v Purdy*, 106 AD3d 1521, 1523; *see Packer*, 49 AD3d at  187-189).  We therefore reverse the judgment, vacate the plea, grant defendant's omnibus motion insofar as it sought suppression of the cocaine found in the vehicle, and remit the matter to Supreme Court for further proceedings on the indictment.

In light of our determination, we do not address the contention raised by defendant in his pro se supplemental brief.

Entered:  February 3, 2017                        Frances E. Cafarell
                                                  Clerk of the Court