People v Miller (2019 NY Slip Op 03699)





People v Miller


2019 NY Slip Op 03699


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

108854

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SANTONIEO MILLER, Appellant.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Keeley A. Maloney, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 31, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
After defendant and two other individuals entered an apartment and stole property, police officers stopped the vehicle in which the three were traveling and arrested them. An indictment charged all three with burglary in the second degree. After an unsuccessful suppression hearing, and as jury selection was underway, defendant pleaded guilty to the sole count and waived his right to appeal in exchange for a prison term of five years, followed by five years of postrelease supervision. Approximately two months later, defendant committed new offenses and was charged in a four-count indictment. On the date scheduled for sentencing on the original burglary charge, defendant sought assignment of new counsel to withdraw his plea. County Court assigned new counsel but denied his subsequent motion to withdraw the plea. Having determined that defendant violated the plea agreement, the court imposed a prison sentence of eight years, followed by five years of postrelease supervision. Defendant appeals.
County Court did not abuse its discretion in denying defendant's motion to withdraw his plea. The decision "to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Massia, 131 AD3d 1280, 1281 [2015] [internal quotation marks, brackets and citation omitted], lv denied 26 NY3d 1041 [2015]; see People v Burns, 133 AD3d 1045, 1046 [2015], lv denied 27 NY3d 1149 [2016]). "Trial judges are vested with discretion in deciding plea withdrawal motions because they are best able to determine whether a plea is entered voluntarily, knowingly and intelligently" (People v Fitzgerald, 56 AD3d 811, 812 [2008] [internal quotation marks and citation omitted]). As long as the court permits the defendant a reasonable opportunity to present his or her contentions, a hearing is not required on the motion unless the record presents a genuine issue of fact with respect to the voluntariness of the plea (see People v Khan, 139 AD3d 1261, 1262 [2016], lvs [*2]denied 28 NY3d 932, 934 [2016]; People v Pittman, 104 AD3d 1027, 1028 [2013], lvs denied 21 NY3d 1008 [2013]).
Defendant's motion was premised upon an ineffective assistance of counsel claim, specifically that counsel provided erroneous information about a testifying witness. In his affidavit on the motion, defendant averred that he was informed by counsel on the day of the plea that the sole eyewitness to the crime was present in court and ready to testify against him. Defendant further averred that he had since learned that the witness was not in the courthouse or en route and she did not intend to appear or offer any testimony against him. He asserted that, but for the false information conveyed by his counsel, defendant did not believe that the People had sufficient evidence and he would not have pleaded guilty. When seeking assignment of new counsel, defendant had stated on the record that the witness would sign an affidavit swearing that she was not going to testify because she was not sure that defendant had committed a crime; no affidavit from the witness was submitted with the motion.
The assigned Assistant District Attorney (hereinafter ADA) stated that the witness originally was uncooperative and hesitant to testify due to pressure in the neighborhood, leading to the issuance of a material witness order and warrant, but the witness then called the ADA and informed him that she would come to testify the next day; this information was all relayed to defendant's counsel. The ADA affirmed that the police were ordered to pick up the witness and produce her in court on the day of trial — the day that defendant ultimately pleaded guilty. The ADA stated in court that the witness had been en route to the courthouse that day when he called her and told her not to come because defendant and the other individuals were taking pleas. Considering that the People presented sworn proof from an individual with first-hand knowledge, and defendant, who bore the burden on the motion, submitted only hearsay without identifying the source or basis of his information, County Court did not abuse its discretion in declining to hold a hearing (see People v Branton, 35 AD3d 1035, 1037 [2006], lv denied 8 NY3d 982 [2007]; compare People v Wheaton, 45 NY2d 769, 770-771 [1978]; People v Henderson, 137 AD3d 1670, 1671 [2016]). The proof demonstrated that counsel did not provide defendant with false or misleading information. Hence, as defendant's plea was not procured through ineffective assistance of counsel or a mistake in the inducement, the court did not err in denying the motion to withdraw the plea.
Defendant challenges his waiver of appeal as involuntary because his plea was allegedly not knowing, voluntary or intelligent. Having rejected his argument attacking the plea and having independently reviewed County Court's handling of the waiver, we conclude that defendant validly waived his right to appeal (see People v Moore, 167 AD3d 1158, 1159 [2018], lv denied ___ NY3d ___ [Mar. 12, 2019]). The valid appeal waiver precludes defendant's arguments regarding suppression (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Tetreault, 152 AD3d 1081, 1082 [2017], lv denied 30 NY3d 984 [2017]). Given that the court advised defendant of the maximum possible sentence that could be imposed if he violated the plea agreement, his argument that the sentence was excessive is precluded by the appeal waiver (see People v Brown, 163 AD3d 1269, 1271 [2018]). To that extent that defendant's ineffective assistance of counsel argument is not addressed above or precluded by his waiver of appeal, defendant was not deprived of meaningful representation based on counsel's failure to file an optional posthearing memorandum concerning suppression after he properly moved for suppression and actively participated in the suppression hearing (see People v Abraham, 165 AD3d 1318, 1319 [2018]).
Finally, we note that, although County Court sentenced defendant to eight years in prison, followed by five years of postrelease supervision, the uniform sentence and commitment form and the certificate of conviction incorrectly indicate that the prison portion of his sentence is five years. Although the judgment need not be disturbed, we remit for County Court to correct the error on both forms (see People v Minaya, 54 NY2d 360, 364-365 [1981], cert denied 455 US 1024 [1982]; People v Jaggarnine, 163 AD3d 1352, 1353 [2018]; People v Payne, 148 AD3d 1226, 1227-1228 [2017], lv denied 29 NY3d 1084 [2017]).
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form and an amended certificate of conviction.