▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CHESTER L. DAVIS, Appellant. (Appeal No. 1.) [602 NYS2d 460]—Judgment unanimously affirmed. Memorandum: During the plea colloquy, defense counsel recited in detail the witness testimony and People's evidence that he and defendant had reviewed, and the prosecutor advised the court that essential witnesses were prepared to testify consistent with that evidence. Although defendant had no recollection of the crimes to which he intended to plead guilty, he acknowledged his understanding that the stabbing victim would testify consistent with her Grand Jury testimony; that the evidence would show that he was the last person seen with the murder victim; that DNA test results would show that his semen was found on the murder victim's body; and that he was aware of the consequences of a guilty plea, but desired to enter that plea to avoid the prospect of a harsher sentence after trial. The record reflects that defendant knowingly, voluntarily and intelligently entered his guilty plea with full awareness of the consequences and that the court properly accepted his *Alford* plea *(see, North Carolina v Alford,* 400 US 25; *People v Friedman,* 39 NY2d 463, 465-466; *People v Krawitz,* 151 AD2d 850, *lv denied* 74 NY2d 742). Defendant received the bargained-for sentence, and we reject his contention that the sentence imposed is harsh or excessive. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Murder, 2nd Degree.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.