■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH K. CLARK, Appellant. (Appeal No. 1.) [659 NYS2d 612] —Judgment unanimously affirmed. Memorandum: On October 18, 1994, defendant was convicted in Niagara County Court following a jury trial of two drug-related felonies and one misdemeanor. On December 6, 1994, before sentencing on the above offenses, defendant pleaded guilty to another drug-related felony charged in a separate indictment. Pursuant to the plea agreement, the court sentenced defendant to concurrent terms of imprisonment for all four offenses and defendant waived his right to appeal from both judgments.

The record establishes that defendant knowingly, intelligently and voluntarily waived his right to appeal (*see, People v Seaberg*, 74 NY2d 1, 11), and that waiver forecloses our review of his contention regarding the severity of the sentences (*see, People v Callahan*, 80 NY2d 273, 280-281; *People v Pierce*, 233 AD2d 872, *lv denied* 89 NY2d 945). The remaining contention of defendant, that he was deprived of his constitutional right to a speedy trial on the first indictment, is an issue that survives the waiver of the right to appeal (*see, People v Callahan, supra*, at 280). The record establishes that Supreme Court issued an order converting a *pro se* habeas corpus petition to a motion under CPL 30.20 and 30.30 and directing that it be referred to County Court for determination. That order also relieved the counsel appointed on the habeas corpus petition,

who was not the same counsel who was representing defendant in County Court. The first mention of the Supreme Court order in this record is in defendant's posttrial motion pursuant to CPL article 440. Inasmuch as the speedy trial motion was never before County Court and thus was not ruled upon, there is no determination concerning it that can be reviewed on appeal. (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.