■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE ANDREWS, Appellant. [727 NYS2d 686] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]) in satisfaction of a nine-count indictment, and he waived his right to appeal. That waiver encompasses the contention of defendant that Supreme Court abused its discretion in denying his request for youthful offender status (*see, People v Carter,* 280 AD2d 925, *lv denied* 96 NY2d 781). We reject defendant's contention that the waiver was not knowingly and intelligently entered (*see, People v Callahan,* 80 NY2d 273, 280). "No particular litany is required for an effective waiver of the right to appeal" (*People v McDonald,* 270 AD2d 955, *lv denied* 95 NY2d 800). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Robbery, 2nd Degree.) Present—Green, J. P., Wisner, Hurlbutt, Burns and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE R. SMITH, Appellant. [727 NYS2d 687] — Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the sentence of $2^{1}/_{2}$ to 5 years imprisonment imposed on the conviction of assault in the second degree (Penal Law § 120.05 [3]) is illegal. Because defendant was sentenced as a violent felony offender for a crime committed in 1997, the minimum sentence is properly one half of the maximum sentence (*see,* Penal Law § 70.02 [former (4)]). (Appeal from Judgment of Herkimer County Court, Kirk, J.—Violation of Probation.) Present—Green, J. P., Wisner, Hurlbutt, Burns and Lawton, JJ.