THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY REYNOLDS, Appellant. [743 NYS2d 766] —Appeal from a judgment of Niagara County Court (Broderick, Sr., J.), entered January 12, 2001, convicting defendant upon his plea of guilty of attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that his plea of guilty to attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), which included a waiver of the right to appeal, was coerced. We reject that contention. The record establishes that, prior to the time of the plea proceeding, defendant believed that he had a defense based on intoxication from prescription medications, which rendered him unable to recall his criminal acts, but he thereafter decided to plead guilty when his psychiatric expert determined that there was no foundation for that defense. Contrary to the contention of defendant, his inability to recall the events of the assault did not affect his ability to understand the consequences of the plea agreement, and the record reflects that he knowingly, voluntarily, and intelligently chose to enter into the plea agreement after being informed of the alternative courses of action available to him (*see People v*

*Hall-Mizrahi*, 238 AD2d 627; *see also People v Dewer*, 243 AD2d 984, 985, *lv denied* 91 NY2d 925; *People v Davis*, 197 AD2d 921, 922, *lv denied* 82 NY2d 848). Contrary to the further contention of defendant, County Court did not err in accepting his guilty plea after he questioned whether he had the intent to commit the crime charged. Defendant pleaded guilty to a lesser crime than that charged in the indictment, and thus no factual colloquy was required (*see People v Grantier*, 277 AD2d 987, 988, *lv denied* 96 NY2d 784).

We conclude that the court did not err in denying the motion of defendant at sentencing to withdraw his guilty plea. The court provided defendant with "a reasonable opportunity * * * to advance his claims in support of the motion" to withdraw the plea (*People v Dillard*, 262 AD2d 1044, 1044, *lv denied* 93 NY2d 1017), and defendant again asserted a defense based on prescription medication, for which defendant's own expert psychiatrist concluded there was no foundation. In the absence of some evidence of innocence, fraud, or mistake in inducing the plea, the court did not abuse its discretion in denying the motion to withdraw the guilty plea (*see People v Pane*, 292 AD2d 850).

The remaining contentions of defendant, including those raised in his pro se supplemental brief, are either encompassed by his valid waiver of the right to appeal (*see generally People v Seaberg*, 74 NY2d 1, 7-11), forfeited by his guilty plea (*see generally People v Robertson*, 279 AD2d 711, 712, *lv denied* 96 NY2d 805), based on matters outside the record, or lacking in merit. Present—Pigott, Jr., P.J., Pine, Hayes, Wisner and Hurlbutt, JJ.