■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT DUZANT, Appellant. [789 NYS2d 594]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 25, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). The waiver by defendant of the right to appeal encompasses his contentions that the sentence is unduly harsh or severe (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]) and that County Court erred in denying his suppression motion (*see People v Kemp*, 94 NY2d 831, 833 [1999]). Because "[t]he denial of an opportunity to testify before the grand jury . . . does not 'call into question the court's jurisdiction nor [is it] of constitutional magnitude' . . ., our review of that contention is foreclosed by defendant's valid waiver of the right to appeal as well as by defendant's plea of guilty" (*People v Lighthall*, 6 AD3d 1170, 1171 [2004], *lv denied* 3 NY3d 643 [2004], quoting *People v Rook*, 201 AD2d 931, 931 [1994]). "Although the waiver of the right to appeal does not encompass the contention that the plea was not knowingly, voluntarily and intelligently entered, defendant failed to move to withdraw the plea or to vacate the judgment of conviction and thus has failed to preserve that contention for our review" (*People v Moore*, 6 AD3d 1076, 1076 [2004], *lv denied* 3 NY3d 661 [2004]). Finally, "[t]he contention of defendant that he was denied effective assistance of counsel does not survive his guilty plea because there is no indication that the alleged ineffective assistance had any impact on the plea bargaining process or the voluntariness of the plea" (*People v Dunn*, 261 AD2d 940, 940 [1999], *lv denied* 94 NY2d 822 [1999]). In any event, those contentions lack merit. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.