■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAR S. NICHOLS, Appellant. [801 NYS2d 665]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered December 19, 2002. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree (two counts) and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]) and one count of grand larceny in the fourth degree (§ 155.30 [5]), defendant contends that his waiver of the right to appeal is invalid because he was denied effective assistance of counsel and the plea was not knowingly, voluntarily or intelligently entered. We reject defendant's contentions. The contention of defendant that he received ineffective assistance of counsel is properly before us inasmuch as the alleged ineffectiveness infected the plea, including the waiver of the right to appeal (*see People v Jennings*, 8 AD3d 1067, 1068 [2004], *lv denied* 3 NY3d 676 [2004]; *People v French*, 292 AD2d 813 [2002], *lv denied* 98 NY2d 675 [2002]), but that contention "involves matters dehors the record, which are not reviewable on this direct appeal" (*People v Williams*, 15 AD3d 863, 864 [2005]; *see People v Michalski*, 15 AD3d 918, 919 [2005]). The contention of defendant that the plea was coerced and thus was not knowingly, voluntarily or intelligently entered "is belied by h[is] statement during the plea proceeding that [ ]he was not threatened, coerced or otherwise influenced against h[is] will into pleading guilty" (*People v Beaty*, 303 AD2d 965, 965 [2003], *lv denied* 100 NY2d 559 [2003]; *see People v Reynolds*, 295 AD2d 986 [2002], *lv denied* 98 NY2d 713 [2002]). Moreover, the fact that an attorney advises a defendant against going to trial does not constitute coercion where, as here, the record establishes that defendant was fully advised of the ramifications of his plea, that he understood those ramifications and that no other promises had been made to induce the plea (*see People v McDonnell*, 302 AD2d 619 [2003], *lv denied* 100 NY2d 540 [2003]; *People v Dashnaw*, 260 AD2d 658, 659 [1999], *lv denied* 93 NY2d 968 [1999]).

Defendant's valid waiver of the right to appeal "encompasses

the contention of defendant that Supreme Court abused its discretion in denying his request for youthful offender status" (*People v Andrews*, 285 AD2d 984, 984 [2001], *lv denied* 96 NY2d 938 [2001]; *see Williams*, 15 AD3d at 864; *People v Sweeney*, 4 AD3d 769, 770 [2004], *lv denied* 2 NY3d 807 [2004]) as well as "his contention[ ] that the sentence is unduly harsh or severe" (*People v Duzant*, 15 AD3d 860, 861 [2005]; *see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.