■ The People of the State of New York, Respondent, v Bridget A. Carmody, Appellant. [861 NYS2d 548]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered January 12, 2006. The judgment convicted defendant, upon her plea of guilty, of criminal facilitation in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal facilitation in the second degree (Penal Law § 115.05). Contrary to the contentions of defendant, her waiver of the right to appeal is not void as against public policy (*see generally People v Muniz*, 91 NY2d 570, 573-575 [1998]; *People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Seaberg*, 74 NY2d 1, 7-10 [1989]), and the waiver was knowingly, intelligently and voluntarily entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *Seaberg*, 74 NY2d at 11; *People v Lovett*, 8 AD3d 1007 [2004], *lv denied* 3 NY3d 677 [2004]). Defendant's challenge to the severity of the sentence is encompassed by that valid waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Clark*, 239 AD2d 939 [1997], *lv denied* 90 NY2d 892 [1997]). Although the further contention of defendant that her plea was not knowingly and intelligently entered survives her waiver of the right to appeal, that contention is not preserved for our review inasmuch as defendant failed to move to withdraw her plea or to vacate the judgment of conviction (*see People v Smith*, 48 AD3d 1171 [2008]). This case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.