■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GIMENEZ, Appellant. [872 NYS2d 625]—Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 6, 2006. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). Contrary to the contention of defendant, his waiver of the right to appeal was knowingly, intelligently and voluntarily entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Gilbert*, 17 AD3d 1164 [2005], *lv denied* 5 NY3d 762 [2005]). That valid waiver encompasses defendant's challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Although the further contention of defendant that his plea was not knowingly, voluntarily, and intelligently entered survives his waiver of the right to appeal,

defendant failed to preserve that contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Carmody*, 53 AD3d 1048 [2008], *lv denied* 11 NY3d 830 [2008]; *People v Adams*, 26 AD3d 597 [2006], *lv denied* 7 NY3d 751 [2006]; *People v Beekman*, 280 AD2d 784 [2001], *lv denied* 96 NY2d 780 [2001]). In any event, defendant's contention lacks merit (*see generally People v Garcia*, 92 NY2d 869, 870 [1998]). Any challenge by defendant to the voluntariness of the plea based on alleged coercion is belied by defendant's responses to County Court's questions during the plea colloquy (*see People v Nichols*, 21 AD3d 1273, 1274 [2005], *lv denied* 6 NY3d 757 [2005]). The contention of defendant in his main and pro se supplemental briefs that he was denied effective assistance of counsel survives his guilty plea and waiver of the right to appeal to the extent that he contends that the plea was infected by the alleged ineffective assistance (*see Nichols*, 21 AD3d at 1274; *cf. People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]). We nevertheless reject that contention (*see generally People v Ford*, 86 NY2d 397, 404 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]). We have considered the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.