# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**72**

**KA 09-01374**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SAMUEL T. TOLIVER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

SAMUEL T. TOLIVER, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHELLE L. CIANCIOSA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered June 25, 2009. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [4]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. County Court "did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (*People v Bentley*, 63 AD3d 1624, 1625, *lv denied* 13 NY3d 742; *see People v Dillon*, 67 AD3d 1382; *People v Williams*, 49 AD3d 1281, 1282, *lv denied* 10 NY3d 940). Defendant further contends that the court erred in denying his motion to withdraw his guilty plea on the ground that it was not knowingly, intelligently, and voluntarily entered. Although that contention "survives [defendant's] valid waiver of the right to appeal" (*People v Dozier*, 59 AD3d 987, 987, *lv denied* 12 NY3d 815; *see People v Murphy*, 71 AD3d 1466, *lv denied* 15 NY3d 754), we conclude that it is without merit. The contention of defendant that his plea was involuntary because he was coerced by defense counsel is belied by his responses to the court's questions during the plea colloquy, indicating that he was pleading guilty voluntarily and that no threats or promises had induced the plea (*see People v Gimenez*, 59 AD3d 1088, *lv denied* 12 NY3d 816; *People v Nichols*, 21 AD3d 1273, 1274, *lv denied* 6 NY3d 757).

Defendant's challenge to the severity of the sentence is encompassed by the valid waiver of the right to appeal (*see People v*

*Lopez*, 6 NY3d 248, 255-256; *People v Hidalgo*, 91 NY2d 733, 737).  To the extent that the contention of defendant concerning ineffective assistance of counsel survives his guilty plea and his waiver of the right to appeal (*see People v Nichols*, 32 AD3d 1316, *lv denied* 8 NY3d 848, 988; *People v Fifield*, 24 AD3d 1221, 1222, *lv denied* 6 NY3d 775), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404).

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court