# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**863**

**KA 10-01129**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

THOMAS BRYANT, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (MARSHALL A. KELLY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered April 9, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [2]). Contrary to defendant's contention, he knowingly, intelligently and voluntarily waived his right to appeal as a condition of the plea bargain (*see generally People v Lopez*, 6 NY3d 248, 256). "County Court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [internal quotation marks omitted]), and the record establishes that defendant " 'understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Dunham*, 83 AD3d 1423, 1424, quoting *Lopez*, 6 NY3d at 256).

Defendant further contends that the court abused its discretion in denying his motion to withdraw his *Alford* plea. Although that contention " 'survives his waiver of the right to appeal to the extent that [it] implicates the voluntariness of the plea' " (*People v Dash*, 74 AD3d 1859, 1860, *lv denied* 15 NY3d 892; *see People v Toliver*, 82 AD3d 1581), we conclude that it is without merit. "The contention of defendant that his plea was involuntary because he was coerced by [correctional facility personnel] is belied by his responses to the court's questions during the plea colloquy, indicating that he was pleading guilty voluntarily and that no threats or promises had induced the plea" (*Toliver*, 82 AD3d at 1582). Defendant's challenge

to the factual sufficiency of the plea allocution is encompassed by the valid waiver of the right to appeal and is unpreserved for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v McCarthy*, 83 AD3d 1533, 1534). In any event, defendant's challenge lacks merit inasmuch as there is no requirement that an *Alford* plea contain a recitation of " 'every essential element' " of the crime (*People v Hill*, 16 NY3d 811, 814).

The further contention of defendant that the court erred in failing sua sponte to conduct a competency hearing pursuant to CPL 730.30 (2) is not encompassed by his valid waiver of the right to appeal to the extent that it implicates the voluntariness of the plea (*see People v Stoddard*, 67 AD3d 1055, *lv denied* 14 NY3d 806). That contention, however, is unpreserved for our review inasmuch as defendant failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see id.*). In any event, defendant's contention lacks merit. The court issued an order of examination pursuant to CPL 730.30 (1), and both psychiatric examiners who evaluated defendant concluded that he was competent to proceed. It "is well settled that a defendant is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon . . . if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity" (*People v Mills*, 28 AD3d 1156, 1156-1157, *lv denied* 7 NY3d 903 [internal quotation marks omitted]; *see* CPL 730.30 [2]; *People v Morgan*, 87 NY2d 878, 880). " 'Moreover, it is noted that defense counsel . . . was in the best position to assess defendant's capacity and request an examination pursuant to CPL 730.30 (2)' " (*People v Jermain*, 56 AD3d 1165, 1165, *lv denied* 11 NY3d 926). Here, defense counsel did not request a competency hearing but, rather, he informed the court that defendant had received medication, understood the proceedings and was able to participate in his own defense (*see id.*; *People v Loria*, 12 AD3d 1125, *lv denied* 4 NY3d 746, 749). Defendant further contends that he was denied effective assistance of counsel based on the failure of defense counsel to request a competency hearing. To the extent that defendant's contention survives the plea and waiver of the right to appeal (*see People v Gimenez*, 59 AD3d 1088, *lv denied* 12 NY3d 816; *cf. People v Burke*, 256 AD2d 1244, *lv denied* 93 NY2d 851), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404). "[T]here is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his [*Alford*] plea . . ., and [t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to make a motion or argument that has little or no chance of success" (*People v Jorge N.T.*, 70 AD3d 1456, 1457, *lv denied* 14 NY3d 889).

Finally, defendant's challenge to the severity of the sentence is encompassed by the valid waiver of the right to appeal (*see Lopez*, 6

NY3d at 255-256; *People v Hidalgo*, 91 NY2d 733, 737).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court