# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

50

KA 09-01875

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ADRIENNE WILLIAMS, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered May 27, 2009. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the fourth degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of two counts of grand larceny in the fourth degree (Penal Law § 155.30 [1]). Defendant's challenge to the factual sufficiency of the plea allocution is encompassed by her waiver of the right to appeal (*see People v Jorge N.T.*, 70 AD3d 1456, 1457, *lv denied* 14 NY3d 889), the validity of which she does not contest on appeal. In any event, defendant's challenge is also unpreserved for our review inasmuch as she did not move to withdraw her plea or to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665; *People v Moorer*, 63 AD3d 1590, *lv denied* 13 NY3d 837). Although the waiver by defendant of the right to appeal does not encompass her contention that the plea was not knowingly, intelligently or voluntarily entered, she failed to preserve that contention for our review by failing to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Montanez*, 89 AD3d 1409; *People v Thomas,* 77 AD3d 1325, 1326, *lv denied* 16 NY3d 800). This case does not fall within the rare exception to the preservation requirement because the plea colloquy did not "clearly cast[] significant doubt upon the defendant's guilt or otherwise call[] into question the voluntariness of the plea" (*Lopez*, 71 NY2d at 666). To the extent that defendant's contention that she was denied effective assistance of counsel survives her guilty plea and waiver of the right to appeal (*see People v Bryant*, 87 AD3d 1270, 1271-1272), we conclude that it is without merit (*see generally People v Ford,* 86 NY2d 397, 404; *People v Jermain*, 56 AD3d 1165, *lv denied* 11

NY3d 926). Finally, County Court did not err in failing sua sponte to order a competency hearing (*see Bryant*, 87 AD3d at 1271-1272; *Jermain*, 56 AD3d at 1165). We note, however, that the certificate of conviction incorrectly recites that defendant was convicted of one count of grand larceny in the fourth degree when she in fact was convicted of two such counts. The certificate of conviction must therefore be amended accordingly (*see People v Saxton,* 32 AD3d 1286).

Entered: January 31, 2012

Frances E. Cafarell
Clerk of the Court