# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1396**
**KA 11-01586**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BOBBIE J. MONAGHAN, DEFENDANT-APPELLANT.

---

KELIANN M. ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (AARON D. CARR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered June 21, 2011. The judgment convicted defendant, upon her plea of guilty, of vehicular manslaughter in the first degree and vehicular assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of vehicular manslaughter in the first degree (Penal Law § 125.13 [1]) and vehicular assault in the first degree (§ 120.04 [1]), defendant contends that her sentence is unduly harsh and severe. We reject that contention. We note as an initial matter that defendant's waiver of the right to appeal does not encompass her challenge to the severity of the sentence because she purportedly waived her right to appeal before County Court advised her of the maximum sentence she could receive (see *People v Farrell*, 71 AD3d 1507, 1507, *lv denied* 15 NY3d 804; *People v Rizek* [appeal No. 1], 64 AD3d 1180, *lv denied* 13 NY3d 862). Nevertheless, we reject defendant's challenge to the severity of the sentence.

Defendant further contends that she received ineffective assistance of counsel. To the extent that such contention survives her plea of guilty and waiver of the right to appeal (see *People v Gimenez*, 59 AD3d 1088, 1089, *lv denied* 12 NY3d 816), it is not properly before us because it involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (see *People v Johnson*, 81 AD3d 1428, 1428, *lv denied* 16 NY3d 896).

Entered:   December 21, 2012                    Frances E. Cafarell
                                                Clerk of the Court