# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**489**

**KA 10-01012**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

AUGUSTUS R. EAGLE, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered May 15, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]), defendant contends that his plea was not knowingly, intelligently and voluntarily entered because his statement concerning defense counsel during the plea colloquy created doubt as to the voluntariness of his plea. Defendant's contention survives his valid waiver of the right to appeal, but he failed to preserve that contention for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Ruffins*, 78 AD3d 1627, 1628; *People v Davis*, 45 AD3d 1357, 1357-1358, *lv denied* 9 NY3d 1005). In any event, defendant's contention lacks merit. Although defendant responded "[n]o" during the plea colloquy when the prosecutor asked if he was satisfied with his attorney's representation of him, he did not request new counsel, nor did he raise any " 'serious complaints' " about his attorney (*People v Porto*, 16 NY3d 93, 100). Indeed, in a plea agreement document signed on the day of the plea, before the prosecutor conducted the plea colloquy, defendant indicated that he was satisfied with the representation provided by his attorney. Under those circumstances, County Court was not required to make any inquiry with respect to defendant's response to the prosecutor's question during the plea colloquy (*see id.* at 99-100; *see generally People v Sides*, 75 NY2d 822, 824-825). Defendant's contention regarding the factual sufficiency of the plea allocution is encompassed by the valid waiver

of the right to appeal and it is unpreserved for our review (*see People v Rios*, 93 AD3d 1349, 1349, *lv denied* 19 NY3d 966; *People v Williams*, 91 AD3d 1299, 1299).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court