People v Gonzales (2021 NY Slip Op 04808)





People v Gonzales


2021 NY Slip Op 04808


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


276 KA 19-00589

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALEX GONZALES, DEFENDANT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MARK S. SINKIEWICZ, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Richard M. Healy, A.J.), rendered February 15, 2019. The judgment convicted defendant upon his plea of guilty of attempted promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [2]), defendant contends that his waiver of the right to appeal is invalid and that County Court should have granted his request at sentencing to withdraw his plea. We agree with defendant that his waiver is unenforceable because "[t]he written waiver of the right to appeal signed by defendant [at the time of the plea] and the verbal waiver colloquy conducted by [the court] together improperly characterized the waiver as 'an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief' " (People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Harlee, 187 AD3d 1586, 1587 [4th Dept 2020], lv denied 36 NY3d 929 [2020]).
Nevertheless, we perceive no basis in the record to conclude that the court abused its discretion in denying defendant's request to withdraw his plea (see People v Morris, 78 AD3d 1613, 1614 [4th Dept 2010], lv denied 17 NY3d 798 [2011]; see generally People v Tolbert, 185 AD3d 1513, 1514 [4th Dept 2020], lv denied 35 NY3d 1116 [2020]). Although defendant contends that the factual colloquy was insufficient inasmuch as he did not admit the elements of the crime to which he pleaded guilty, he "pleaded guilty to a lesser crime than that charged in the indictment, and thus no factual colloquy was required" (People v Reynolds, 295 AD2d 986, 987 [4th Dept 2002], lv denied 98 NY2d 713 [2002]; see People v Johnson, 23 NY3d 973, 975 [2014]). To the extent that defendant contends that his plea was involuntary because it was coerced by defense counsel, such contention is belied by the record (see People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]; People v Merritt, 115 AD3d 1250, 1251 [4th Dept 2014], lv denied 30 NY3d 1021 [2017], reconsideration denied 35 NY3d 1068 [2020]). Indeed, during the plea colloquy, defendant said that he was pleading guilty voluntarily and that no one had threatened, forced or coerced him into pleading guilty.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court