People v Maxon (2024 NY Slip Op 01390)

People v Maxon

2024 NY Slip Op 01390

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

41 KA 19-01128

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MAURICE O. MAXON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (AXELLE LECOMTE-MATHEWSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered July 12, 2018. The judgment convicted defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the second degree (§ 220.41 [1]), which crime he committed while awaiting sentencing following his plea in appeal No. 1. Defendant waived his right to appeal in appeal No. 2, but did not do so in appeal No. 1.
In appeal No. 1, defendant contends that his plea was not knowing, intelligent, and voluntary because the prosecutor and County Court suggested during his first appearance that he could be sentenced as a persistent felony offender based on his extensive criminal record, which included three prior felony convictions. Inasmuch as defendant's motion to withdraw his plea was not made on the ground that the plea was involuntarily entered in light of his incorrect belief that he faced a possible life sentence if convicted after trial, defendant's contention is not preserved for our review (see People v Husted, 215 AD3d 1269, 1271 [4th Dept 2023], lv denied 40 NY3d 935 [2023]; People v Gibson, 140 AD3d 1786, 1787 [4th Dept 2016], lv denied 28 NY3d 1072 [2016]). In any event, we note that a defendant's misapprehension of his or her sentencing exposure does not render a guilty plea involuntary as a matter of law (see People v Davis, 206 AD3d 1603, 1605 [4th Dept 2022]; People v Murray, 175 AD3d 1191, 1191 [1st Dept 2019], lv denied 34 NY3d 1018 [2019]). Instead, it is just one of several factors for a court to consider in determining whether a plea was voluntary (see People v Garcia, 92 NY2d 869, 870 [1998]).
Defendant further contends in appeal No. 1 that his plea was involuntary because it was coerced by defense counsel's alleged threat to withdraw from representing defendant if he did not plead guilty. Although preserved for our review, that contention lacks merit inasmuch as it is belied by the record (see People v Gonzales, 197 AD3d 880, 881 [4th Dept 2021], lv denied 38 NY3d 1071 [2022]; People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]). Indeed, during the plea colloquy, defendant stated that he was pleading guilty of his own free will and that no one had forced or threatened him into pleading guilty.
As defendant contends and the People correctly concede, defendant did not validly waive his right to appeal in appeal No. 2 (see generally People v Thomas, 34 NY3d 545, 565-566 [*2][2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We nevertheless reject defendant's contention in each appeal that the sentence is unduly harsh or severe. We have reviewed defendant's remaining contentions in appeal Nos. 1 and 2 and conclude that none warrants modification or reversal of the judgment in either appeal.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court