People v Weber (2026 NY Slip Op 00759)

People v Weber

2026 NY Slip Op 00759

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND HANNAH, JJ.

1010 KA 23-01779

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vKEVIN J. WEBER, DEFENDANT-APPELLANT. 

KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Melissa Lightcap Cianfrini, J.), rendered October 3, 2023. The judgment convicted defendant upon a plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [1]), defendant contends that his plea was involuntarily entered because, inter alia, the judge who presided over the plea proceeding in County Court had previously prosecuted him on an unrelated crime and defendant did not fully appreciate the potential conflict of interest when he entered the plea. Defendant also contends that his plea was involuntary because he did not understand that a single violation of interim probation for failing a drug test could result in him being sentenced to state prison on the felony to which he had pleaded guilty.
As a preliminary matter, we note that, although defendant waived his right to appeal and the court's colloquy was consistent with the appropriate model colloquy (see generally People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), defendant's challenges to the voluntariness of the plea survive even a valid waiver of the right to appeal (see People v McMurtry, 224 AD3d 1310, 1310 [4th Dept 2024], lv denied 41 NY3d 984 [2024]; People v Gimenez, 59 AD3d 1088, 1088-1089 [4th Dept 2009], lv denied 12 NY3d 816 [2009]). Nevertheless, by failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve his contentions for our review (see People v Santos, 230 AD3d 1586, 1586 [4th Dept 2024], lv denied 43 NY3d 932 [2025]; People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). The narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply here.
We note that the judge informed defendant that she had prosecuted him on an unrelated charge years earlier and gave defendant an opportunity to move for her recusal. Defendant acknowledged that the judge had previously prosecuted him and stated that he nonetheless wanted to accept the People's plea offer, pursuant to which he would have been allowed to vacate his plea to the felony had he successfully completed interim probation. Defendant declined the court's offer for an opportunity to discuss the matter with his attorney. Under the circumstances, we decline to exercise our power to address defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that he was denied effective assistance of counsel because his attorney failed to object to the alleged conflict of interest arising from the judge's involvement in the case, failed to move to withdraw the plea on the basis of that alleged conflict of interest, and failed to explain to defendant that a single violation of interim probation could have such significant carceral consequences. To the extent that defendant's claims of ineffective assistance [*2]survive his plea and valid waiver of the right to appeal (see People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]), we conclude, after reviewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Gardner, 237 AD3d 1545, 1547 [4th Dept 2025]).
We note that defense counsel negotiated a favorable plea agreement pursuant to which defendant, who had four prior felony convictions on his record and was captured on video brutally assaulting the victim in this case, would have been permitted to withdraw his plea to the felony and instead plead guilty to a misdemeanor with no more than a year in jail had he successfully completed interim probation (see Gardner, 237 AD3d at 1547). The fact that defendant subsequently violated the terms of the interim probation by using cocaine does not "cast[ ] doubt on the apparent effectiveness of defense counsel" (id. [internal quotation marks omitted]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court