People v DeWolf (2026 NY Slip Op 00736)

People v Dewolf

2026 NY Slip Op 00736

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, NOWAK, DELCONTE, AND HANNAH, JJ.

959 KA 24-00423

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vCHET DEWOLF, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered February 22, 2024. The judgment convicted defendant upon his plea of guilty of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]). We affirm.
Contrary to defendant's contention, the record establishes that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Williams, 228 AD3d 1316, 1316 [4th Dept 2024], lv denied 42 NY3d 972 [2024], reconsideration denied 42 NY3d 1055 [2024]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US —, 140 S Ct 2634 [2020]). Moreover, on this record, defendant's "monosyllabic affirmative responses to questioning by [County Court] do not render his [waiver of the right to appeal] unknowing and involuntary" (People v Burch, 234 AD3d 1246, 1246-1247 [4th Dept 2025], lv denied 43 NY3d 1006 [2025] [internal quotation marks omitted]).
Defendant's valid waiver of the right to appeal precludes our review of his contention that the court erred in refusing to suppress defendant's statements to a law enforcement officer (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Duzant, 15 AD3d 860, 861 [4th Dept 2005], lv denied 5 NY3d 761 [2005]) and his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]; Burch, 234 AD3d at 1247).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court