People v Johnson
2026 NY Slip Op 03546
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY M. JOHNSON, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
277 KA 24-01577
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, DISTRICT ATTORNEY, WARSAW, FOR RESPONDENT.

Appeal from a judgment of the Wyoming County Court (Melissa Lightcap Cianfrini, A.J.), rendered July 18, 2024. The judgment convicted defendant upon his plea of guilty of aggravated family offense.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of aggravated family offense (Penal Law § 240.75 [1]), defendant contends that his plea was involuntarily entered because, at sentencing, County Court misstated the agreed-upon sentence and pronounced that incorrect sentence before recalling the case later that same day and correcting the mistake. We agree with defendant, and the People concede, that defendant's challenge to the voluntariness of the plea survives his valid waiver of the right to appeal (see People v McMurtry, 224 AD3d 1310, 1310 [4th Dept 2024], lv denied 41 NY3d 984 [2024]; People v Gimenez, 59 AD3d 1088, 1088-1089 [4th Dept 2009], lv denied 12 NY3d 816 [2009]). Nevertheless, by failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve his contention for our review (see People v Santos, 230 AD3d 1586, 1586 [4th Dept 2024], lv denied 43 NY3d 932 [2025]). The narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply here (see Santos, 230 AD3d at 1586).
Defendant further contends that he was denied effective assistance of counsel. That contention survives his guilty plea and valid waiver of the right to appeal "only if the plea bargaining process was infected by [the] allegedly ineffective assistance or [if] defendant entered the plea because of [the] attorney['s] allegedly poor performance" (People v Johnson, 229 AD3d 1300, 1302 [4th Dept 2024], lv denied 42 NY3d 1020 [2024] [internal quotation marks omitted]; see People v Williams, 246 AD3d 1370, 1371 [4th Dept 2026], lv denied — NY3d — [2026]). "[I]n the context of a guilty plea, a defendant has been afforded meaningful representation when [they] receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel" (People v Dale, 142 AD3d 1287, 1290 [4th Dept 2016], lv denied 28 NY3d 1144 [2017] [internal quotation marks omitted]). Here, defense counsel secured a favorable plea bargain for defendant, including a sentence of the minimum term of imprisonment, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Lloyd, 243 AD3d 1276, 1276-1277 [4th Dept 2025], lv denied 45 NY3d 946 [2026]; Johnson, 229 AD3d at 1302).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court